IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RYAN ELLIOT FEHDERAU,<br><br>     Plaintiff,<br><br>  vs.<br><br>OMAHA POLICE DEPARTMENT,<br><br>     Defendant. | 8:18CV592<br><br>**MEMORANDUM<br>AND ORDER** |

  This matter is before the court on Plaintiff's Notice of Appeal (filing no. 7) and Motion for Leave to Appeal in Forma Pauperis (filing no. 8). For the reasons set forth below, the court finds that pursuant to 28 U.S.C. § 1915(a)(3), Plaintiff may not take this appeal in forma pauperis.

  A litigant seeking to appeal a judgment must either pay the required filing fees, *see* Fed. R. App. P. 3(e), or proceed in forma pauperis pursuant to § 1915(a). Section 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." An appellant demonstrates good faith by seeking appellate review of any issue that is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Ellis v. United States*, 356 U.S. 674, 674 (1958).

  An appeal is frivolous when none of the legal points are arguable on their merit. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Misischia v. St. John's Mercy Health Sys.*, 457 F.3d 800, 806 (8th Cir. 2006). And while such a finding should be made only in extreme cases, it is proper when a party attempts to appeal from an order that is clearly not appealable. *See Cohen v. Curtis Publ'g Co.*, 333 F.2d 974, 978–79 (8th Cir. 1964).

The order from which Plaintiff is attempting to appeal—the court's order denying his motion for an exemption from payment of the PACER User Fee ([filing no. 6](#)) dated December 31, 2018—is clearly not appealable. The order does not qualify as a "final decision[]" capable of appeal under 28 U.S.C. § 1291. *Cf. In re Club Ventures Investments LLC*, 507 B.R. 91, 96 (S.D.N.Y. 2014) (bankruptcy court's order denying appellant's motion for exemption from PACER fees cannot be characterized as a "final" order). In addition, the order does not fall within the narrow class of appealable interlocutory orders under § 1292(a).

Because Plaintiff is attempting to appeal from an order that is not appealable, the court certifies that the appeal is not taken in good faith.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to Appeal in Forma Pauperis ([filing no. 8](#)) is denied.

Dated this 15th day of January, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge