IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RYAN ELLIOT FEHDERAU, <br><br> Plaintiff, <br><br> vs. <br><br> OMAHA POLICE DEPARTMENT, <br><br> Defendant. | 8:18CV592 <br><br> MEMORANDUM <br> AND ORDER |

Plaintiff filed his Complaint on December 26, 2018. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 6.)[1] The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against the Omaha Police Department alleging a violation of "Article I, Section 10" which the court assumes refers to Article I, Section 10 of the Nebraska Constitution relating to prosecutions for felonies on indictments.[2] (Filing No. 1 at CM/ECF pp. 2–3.)

---

[1] In the order granting Plaintiff leave to proceed in forma pauperis, the court also denied Plaintiff's Motion for Exemption from Payment of the PACER User Fee. (Filing No. 5; Filing No. 6.) Plaintiff filed an interlocutory appeal of the court's denial of the exemption which was dismissed by the Eighth Circuit Court of Appeals on March 14, 2019, for failure to prosecute. (*See* Filing Nos. 7, 14, & 15.)

[2] Article I, Section 10 of the Nebraska Constitution provides:

> No person shall be held to answer for a criminal offense, except in cases in which the punishment is by fine, or imprisonment otherwise than in the penitentiary, in case of impeachment, and in cases arising in the army and navy, or in the militia when in actual service in time of war or public

Plaintiff's "Statement of Claim" alleges the events giving rise to his claim occurred at the Omaha Police Department and "Home" but does not allege when the events took place nor even what happened to him. (*Id.* at CM/ECF p. 4.) Rather, Plaintiff only references "constitution, Article I, Section 10." (*Id.*)

Plaintiff complains of injuries including "[h]andcuff marks, deprivation of rights leading to harassment and several mental illness [sic]." (*Id.* at CM/ECF p. 5.) As relief, Plaintiff seeks $7,000,000 in punitive damages for which "[n]o explanation [is] necessary." (*Id.*)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or

---

danger, unless on a presentment or indictment of a grand jury; Provided, That the Legislature may by law provide for holding persons to answer for criminal offenses on information of a public prosecutor; and may by law, abolish, limit, change, amend, or otherwise regulate the grand jury system.

grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION OF CLAIMS

The court has carefully reviewed Plaintiff's Complaint, keeping in mind that complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, as set forth above, even pro se litigants must comply with the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). Here, Plaintiff's Complaint fails to meet this minimal pleading standard.

Moreover, Plaintiff cannot maintain a § 1983 action against the Omaha Police Department because it is not a distinct legal entity amenable to suit under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such"); *Dean v. Barber*, 951 F.2d 1210, 1214–15 (11th Cir. 1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"). Because the only named defendant is a non-suable entity, the court will dismiss Plaintiff's Complaint without prejudice for failure to state a claim upon which relief may be granted.

IT IS THEREFORE ORDERED that: This matter is dismissed without prejudice. The court will enter judgment by a separate document.

Dated this 2nd day of October, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge